[Crim. No. 8944. In Bank. Nov. 18, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD D. GREEN, Defendant and Appellant.

John C. Gunn, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Anthony M. Summers, Deputy Attorney General, for Plaintiff and Respondent.

TOBRINER, J.—A jury found defendant guilty of selling heroin in violation of section 11501 of the Health and Safety Code. After finding that defendant had previously been convicted of three felonies, the trial court sentenced him to state prison, the sentence to run concurrently with the sentence for which defendant was then on parole. Defendant appeals from the judgment.

The single issue which concerns us involves the admission into evidence of the incriminating statements which defendant gave to the police. The record fails to indicate that, prior to his utterance of the statements which occurred during the accusatory stage, defendant had been advised of his rights to an attorney and to remain silent or that he had otherwise waived those rights. We have decided that the erroneous admission of the statements caused prejudicial error.

The facts may be briefly stated. Officer Toles, an undercover officer of the narcotics division of the Los Angeles Police Department, testified that on April 10, 1962, while accompanied by an informant, he purchased and received from defendant three containers of heroin. On May 23, 1962, the grand jury of the County of Los Angeles indicted defendant,

charging him with a violation of Health and Safety Code section 11501.

After arresting defendant on May 25th and thereafter transporting him to the police station, the police questioned him, secretly recording the interrogation. During the interrogation Officer Toles read aloud the notes he had written concerning the alleged April 10th purchase of narcotics from defendant. Officer Heckl testified that when he asked defendant about Officer Toles' recitation, defendant acknowledged its truth.[1]

The often unintelligible recording of the interrogation, which was played to the jury, disclosed that at the station the police asked defendant "if this [was] about the way it happened." Thereafter the following colloquy took place:

"X or Y. . . . What about that now? Def. I can't tell you no tales. Officer. Can't tell me no tales. . . . Is that about the way it went down? Def. You say that's the way it went down, that's. . . . Officer. Have you been dealing in stuff very long? Def. No, sir. Officer. Whose stuff was that? Def. (No response.) Officer. Was it yours or somebody else's? Def. No. . . . Officer. Whose was it? Def. It belongs to another guy. Officer. Belongs to another guy. Def. Yes. . . . Officer. How much did you get for doing that? Def. He give me $3 to get some gasoline. Officer. That's what he gave you. Def. Yes. . . ."

Defendant and eight witnesses whom he called testified in substance that at the time of the alleged sale of heroin on April 10th he had been doing plumbing and window repair work at a different location. Further, defendant claimed that he had previously engaged in a fight with the informant and that the latter had sworn that he would get revenge. Finally, defendant asserted that he had made the statements to the police only out of fear of injury.[2]

The record establishes that at the time defendant gave his statement, he had been indicted and arrested and

---

[1]Defendant testified that when confronted with Officer Toles' recitation of the events of April 10th he stated, ". . . if that is what the officer said, I can't say he told a lie." Officer Heckl admitted on cross-examination that the foregoing assertion of defendant "might have been said," but testified that defendant stated, "If that is the way you say it happened, that is the way it happened."

[2]The record does not disclose whether the trial judge made a preliminary determination as to the voluntariness of defendant's statements. (See *Jackson* v. *Denno* (1964) 378 U.S. 368 [84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.2d 1205].) We need not discuss this issue, however, since we reverse on another ground.

was held in custody at the police station. Moreover, the police had accused him of committing the crime and informed him of the evidence. When defendant uttered the incriminating statements, the police were conducting a process of interrogation that lent itself to eliciting incriminating statements. (*People* v. *Stewart* (1965) 62 Cal.2d 571, 576 [43 Cal.Rptr. 201, 400 P.2d 97].) Consequently, the accusatory or critical stage had been reached and the defendant was entitled to counsel. (*Id.* at p. 577.)

■ Nothing in the record indicates that prior to making his statement defendant had been advised of his rights to counsel and to remain silent or that he had otherwise waived those rights.[3] In the absence of such a waiver, we must hold that defendant's statement, which he gave during the accusatory stage, was improperly admitted. (*People* v. *Stewart, supra,* 62 Cal.2d 571; *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].)

Irrespective of whether defendant's statement amounts to a confession requiring reversal (*People* v. *Schader* (1965) 62 Cal.2d 716 [44 Cal.Rptr. 193, 401 P.2d 665]; *People* v. *Dorado, supra,* 62 Cal.2d 338, 356), we cannot say that it caused only harmless error. (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243]; *Fahy* v. *Connecticut* (1963) 375 U.S. 85 [84 S.Ct. 229, 11 L.Ed.2d 171].)

In the absence of evidence of defendant's statement, the case hinged on the testimony of Officer Toles. Officer Toles stated that the man with whom he dealt drove a 1957 Chevrolet station wagon bearing license plate number TEC-202 and that he had six fingers on each hand; defendant did drive such a vehicle and did have six fingers on each hand. In reaching its verdict, however, the jury must have relied upon the defendant's incriminating statement since it requested a replaying of the tape; indeed, after the jury had deliberated

---

[3]The only reference in the record to the subject of representation by counsel occurred when defendant, replying to a question as to why he had made the incriminating statement, said that he feared the police and "was going to go along until I got a lawyer." This statement indicates that he did not know of his right to counsel at the interrogation. Moreover, the trial took place before the cases established the right to counsel at the prearraignment accusatory stage. (See *Escobedo* v. *Illinois* (1964) 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977].) As we said in *Stewart,* "To presume in the instant case that absent the warnings defendant knew of his right to counsel at the prearraignment stage prior to the time that the United States Supreme Court established this right in *Escobedo* would be to ascribe to him an utterly fictitious clairvoyance." (62 Cal.2d at p. 581; see *People* v. *Mathis* (1965) *ante,* p. 416 [46 Cal.Rptr. 785, 406 P.2d 65].)

for several hours, the foreman told the judge, ''The jury feels that in order to reach a conclusion, it would need'' a replaying of the tape. In light of the importance which the statement assumed in the jurors' minds, we cannot say that it performed no more than a nonprejudicial role. (*People* v. *Watson, supra,* 46 Cal.2d 818; *Fahy* v. *Connecticut, supra,* 375 U.S. 85.)

Although the prejudicial effect of the erroneously admitted statement compels reversal on the present record, our holding does not foreclose the possibility that such statement may be admissible at the new trial. Since the instant trial took place before the issuance of the decisions in *Escobedo* and *Dorado,* the parties may not have adduced all of the evidence which bears upon the issue of defendant's right to counsel. If the prosecution again introduces the evidence of defendant's statements at the new trial, the trial judge, faced with the contention that the police obtained the statement in derogation of defendant's right to counsel, should preliminarily determine the issue of its admissibility. (*People* v. *Schader, supra,* 62 Cal.2d 716, 729.) In reaching his decision, the trial judge will resolve the questions as to whether, prior to the rendition of the statement, the accusatory stage had been reached and whether defendant had been advised of his rights to an attorney and to be silent or had otherwise waived those rights.

The judgment is reversed.

Traynor, C. J., Peters, J., and Peek, J., concurred.

MOSK, J.—I dissent.

The trial court found ''that no other conclusion could logically be reached by the jury in this case. The evidence was overwhelming.'' The District Court of Appeal held that the error committed in permitting the tape recording to be played was inconsequential. Upon reviewing the record and the evidence, I reach the same conclusions.

It is my opinion that the judgment should be affirmed under the provisions of article VI, section 4½, of the California Constitution.

McComb, J., and Burke, J., concurred.